UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YJ GUIDE SERVICE, LLC, dba Bungalow Outfitters a Washington limited liability company, <br><br><br> Petitioner, <br><br> v. <br><br> CHERYL PROBERT, in her official capacity as Nez Perce-Clearwater National Forest Supervisor; ANDREW SKOWLUND, in his capacity as North Fork District Ranger of the Nez Perce-Clearwater National Forest; UNITED STATES FOREST SERVICE, <br><br> Respondents. | Case No. 3:20-mc-00111-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Petitioner YJ Guide Service's Application for Temporary

Restraining Order (Dkt. 1), which the Court construes as a Motion for a TRO. The Court

has carefully reviewed Petitioner's pleadings. For the reasons that follow the Court will

deny the motion.

### BACKGROUND

**MEMORANDUM DECISION AND ORDER - 1**

Petitioner filed this application for a TRO asking the Court to order the U.S. Forest Service to reinstate its special use permit for guided hunts, and issue a bear bait letter to Idaho Department of Fish and Game. Of note, Petitioner *did not* file a complaint—only the TRO application.

Petitioner alleges that the USFS has wrongly suspended its special use permit for guiding and outfitting. Petitioner suggests that the various violations of the permit cited by the USFS are either a misunderstanding or did not happen. *See Dowdy Dec.*, Dkt. 1-2. Petitioner states that it began operating in 2019 and concluded the season without any indication from the USFS of the alleged violations. *Pet.'s Mem.* at 3, Dkt. 1-1. Petitioner alleges that the notice of suspension will force Petitioner to cancel its currently scheduled bear hunts this spring, refund the fees, and likely go out of business. *Id.* at 4. Petitioner believes it will prevail in its appeal of the suspension, but requests a TRO to ensure it can continue operating while it completes the USFS appeal process. *Id.* at 5.

## LEGAL STANDARD

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Preliminary injunctive relief "is an

**MEMORANDUM DECISION AND ORDER - 2**

extraordinary and drastic remedy, one that should not be granted unless the movant, by a

clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968,

972 (1997) (citation omitted). A "possibility" of irreparable harm is insufficient;

irreparable injury must be "likely" in the absence of an injunction. *Winter*, 555 U.S. at 24.

Under Rule 65, a court may issue a temporary restraining order without notice to

the adverse party only if "specific facts in an affidavit or verified complaint clearly show

that immediate and irreparable injury, loss, or damage will result to the movant before the

adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Rule 65 also

requires that "the movant's attorney certifies in writing any efforts made to give notice

and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1)(B).

## ANALYSIS

Counsel cites Rule 65, but has not complied with its provisions, or the other

requirements of the Federal Rules. A civil action is commenced by filling a complaint.

Fed. R. Civ. P. 3. Under Rule 8 a pleading that states a claim for relief must include both

"grounds for the court's jurisdiction" and "a short and plain statement showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). "[T]he pleading standard Rule 8

announces … demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Here, Petitioner presents the inverse of the problem that was present in *Iqbal*—

legal conclusions without factual support. Petitioner has provided detailed factual

allegations of the wrongful acts of Forest Service employees and the impending harm to

MEMORANDUM DECISION AND ORDER - 3

its business. No doubt Petitioner is facing serious harm. But, this is the only prong of *Winter* Petitioner has addressed. Petitioner has not stated the legal grounds for relief it believes it is entitled to, nor the grounds for this Court's jurisdiction.

Petitioner asserts that it will likely succeed on its appeal. Apparently, this is supposed to represent likelihood of success on the merits. However, success in convincing agency staff to re-issue a special use permit does not equate to legal success on the merits. Without a complaint, the Court does not know what legal theory Petitioner is pursuing, or what the merits might be. Therefore, the Court cannot conduct the requisite balancing under *Winter*. It is also somewhat doubtful this Court has jurisdiction to consider Petitioner's claim while the Forest Service's appeal is pending.

Finally, Petitioner's counsel has not complied with the requirement of Rule 65 that he "certifies in writing" any efforts he has made to give notice to the adverse party and the reasons why that party should not be heard. Fed. R. Civ. P. 65(b)(1)(B). The Court notes that Petitioner's Counsel sent the TRO application to Respondents. There is no reason, besides the alleged immediacy of the harm, that the USFS should not be heard in this matter.

For the reasons discussed the Court will deny the TRO application without prejudice. If Petitioner wishes to enjoin the Forest Service's decision to suspend its special use permit, it must do so by complying with all of the Federal Rules of Civil Procedure, filing a complaint, stating the grounds for relief and this Court's jurisdiction, and adequately addressing all of the *Winter* factors.

**MEMORANDUM DECISION AND ORDER - 4**

## ORDER

**IT IS ORDERED that:**

1.  Petitioner's Application for Temporary Restraining Order (Dkt. 1) is **DENIED**

    **WITHOUT PREJUDICE**.

DATED: May 6, 2020

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5